**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1194-18T2

JAMES ROBERTS,

    Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

    Respondent.

_____

Submitted January 16, 2020 – Decided February 4, 2020

Before Judges Nugent and Suter.

On appeal from the New Jersey Department of Corrections.

James Roberts, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Donna Sue Arons, Assistant Attorney General, of counsel; Stephanie Renee Dugger, Deputy Attorney General, on the brief).

PER CURIAM

Appellant James Roberts is an inmate in New Jersey State Prison who is serving an aggregate sentence of twenty-five years for robbery and carjacking. He appeals an October 18, 2018 final administrative determination of the Department of Corrections (DOC) finding him guilty of prohibited act *.005. See N.J.A.C. 10A:4-4.1(a)(2)(ii). We affirm.

The psychiatrist who was conducting a routine mental health contact with appellant on September 14, 2018 reported to the shift commander that appellant stated: "I'm gonna f--king kill that guy." When the psychiatrist asked who appellant was referring to, he responded "Officer McKevitt." The psychiatrist reported appellant "quickly retracted the statement" and explained to the doctor "it was said out of frustration."

Appellant was charged with prohibited act *.005, "threatening another with bodily harm or with any offense against his or her person or his or her property." N.J.A.C. 10A:4-4.1(a)(2)(ii). He pleaded not guilty and was granted the assistance of counsel substitute.

A disciplinary hearing was conducted. In appellant's statement submitted to the hearing officer, he claimed "[a]ll I said was 'they're going to kill him (the ofc).' One day he's gonna cross paths [with] someone who has nothing to lose.

I'm not guilty." Appellant did not call witnesses or request to cross-examine any adverse witnesses.

On September 18, 2018, the hearing officer found appellant guilty of prohibited act *.005. The hearing officer's decision relied on the staff report, "noting [appellant's] words reasonably convey the threat of harm/fear/menace to the ordinary hearer." The hearing officer added that appellant "must be held responsible for the words he speaks, regardless if he made [the statement] out of frustration or if he really meant it. Given this environment, all such [statements] must be taken seriously." Appellant was sanctioned to 120 days of administrative segregation, 150 days' loss of commutation time and 20 days' loss of recreation privileges.

He filed an administrative appeal. Substitute counsel did not deny that a statement was made to the psychiatrist but argued appellant "asserted an offer of advi[c]e to an officer, . . . as a[] precaution . . . . Unfortunately, the advi[c]e was received as a threat."

On October 18, 2018, the Associate Administrator upheld the decision of the hearing officer because it was "based on substantial evidence and the sanction was proportionate in view of [his] prior disciplinary history."

On appeal, appellant raises one issue:

[THE PSYCHIATRIST] FAILED TO GIVE VERBAL NOTICE OR ADVI[C]E [TO] THE DEFENDANT OF THE LIMITATIONS ON CONFIDENTIALITY BETWEEN THE DOCTOR AND THE PATIENT.

In this appeal from agency action, our review is limited. Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 190 (App. Div. 2010). We ordinarily decline to reverse the decision of an administrative agency unless it is "arbitrary, capricious or unreasonable or it is not supported by substantial credible evidence in the record as a whole." In re Taylor, 158 N.J. 644, 657 (1999) (quoting Henry v. Rahway State Prison, 81 N.J. 571, 581 (1980)). A finding that an inmate committed a disciplinary offense only has to be "supported by substantial evidence," Avant v. Clifford, 67 N.J. 496, 530 (1975), which means, "such evidence as a reasonable mind might accept as adequate to support a conclusion." Figueroa, 414 N.J. Super. at 192 (quoting In re Pub. Serv. Elec. & Gas Co., 35 N.J. 358, 376 (1961)); see also N.J.A.C. 10A:4-9.15(a). When such evidence exists, a court may not substitute its own judgment for the agency's even though the court may have reached a different result. See Figueroa, 414 N.J. Super. at 191 (citing Circus Liquors, Inc. v. Middletown Twp., 199 N.J. 1, 10 (2009)). When reviewing a final determination of the DOC in a prisoner disciplinary matter, we consider whether there is substantial evidence the inmate has committed the prohibited act and whether, in making its decision, the DOC

followed the regulations adopted to afford inmates procedural due process.  See McDonald v. Pinchak, 139 N.J. 188, 194-98 (1995).

The regulations include an inmate's entitlement to written notice of the charges at least twenty-four hours prior to the hearing, N.J.A.C. 10A:4-9.2, a right to a fair tribunal, N.J.A.C. 10A:4-9.15, a limited right to call witnesses and present documentary evidence, N.J.A.C. 10A:4-9.13, a limited right to confront and cross-examine adverse witnesses, N.J.A.C. 10A:4-9.14, a right to a written statement of the evidence relied upon and the reasons for the sanctions imposed, N.J.A.C. 10A:4-9.24, and, in certain circumstances, the assistance of counsel-substitute, N.J.A.C. 10A:4-9.12.

Appellant's due process rights under Avant were satisfied.  67 N.J. at 525-33.  He was given notice of the charges and a hearing before an impartial tribunal, where he declined the opportunity to call or cross-examine witnesses. He had the assistance of counsel substitute who submitted argument on his behalf.

There was substantial evidence in the record to support the agency's decision that appellant was guilty of prohibited offense *.005 based on the reports and evidence submitted at the hearing.  An inmate charged with committing prohibited act *.005 is guilty if, "on the basis of an objective

analysis[,] . . . the remark conveys a basis for fear." Jacobs v. Stephens, 139 N.J. 212, 222-23 (1995) (providing that *.005 was proven where an inmate stated to a corrections officer "'to get the f--k out of [my] face' during a 'heated' discussion").

Appellant did not deny making a statement to the psychiatrist about Officer McKevitt but his version of the statement was that "[a]ll I said was 'they're going to kill him (the ofc).' One day he's gonna cross paths [with] someone who has nothing to lose. I'm not guilty." This was an alleged warning for the officer that others may want to harm him. He did not call any witnesses as corroboration; he did not ask to cross-examine anyone from the institution or the psychiatrist. In finding appellant guilty of the charges, the hearing officer plainly credited the psychiatrist's version. The threat was to kill a specific officer. Under any objective analysis, such a remark would convey a basis for fear.

For the first time on appeal, appellant contends due process was violated because the institution did not comply with the substance or procedures under N.J.A.C. 10A:16-4.4. The regulation provides:

> (a) Confidential relations between and among mental health practitioners and individuals or groups in the course of practice are privileged communications and not to be disclosed to any person.

A-1194-18T2

(b) The following exceptions to privileged communications are applicable only in situations which present a clear and imminent danger to the inmate or others:

1. Where the inmate discloses planned action which involves a clear and substantial risk of imminent serious injury, disease or death to the inmate or other identifiable persons;

. . . .

[N.J.A.C. 10A:16-4.4(a) to (b)(1).]

The regulation provides the procedures for disclosure. N.J.A.C. 10A:16-4.4(c) to (f). Based on the nature of the disclosure, N.J.A.C. 10A:16-4.4(g) authorizes the administrator to "institute such action as is deemed appropriate considering the needs of the correctional facility and facts of the particular case." This can include "[i]nitiating disciplinary charges against the inmate[.]" N.J.A.C. 10A:16-4.4(g)(3).

Appellant argues he was not provided with the required materials and the psychiatrist did not follow the proper procedures in reporting his statement. He contends that the psychiatrist improperly disclosed his statement because there was not clear substantial risk of imminent serious injury.

Appellant did not raise these issues at the hearing before the hearing officer or agency. "Generally, an appellate court will not consider issues, even

7

constitutional ones, which were not raised below." State v. Galicia, 210 N.J. 364, 383 (2012). The record is inadequate to address the procedural issues because of this omission.

That said, however, the hearing officer considered that appellant made a threat to kill a specific officer. The threat to kill would certainly qualify as a "clear and substantial risk of imminent . . . death to . . . other identifiable persons[.]" N.J.A.C. 10A:16-4.4(b)(1). We are mindful that the statement was made within a prison and that appellant is serving a lengthy sentence for offenses involving violence. That the psychiatrist acted quickly demonstrated the level of credibility given to appellant's statement.

We are satisfied there was substantial evidence in the record to support the agency's decision based on the reports and evidence submitted at the hearing. See N.J.A.C. 10A:4-9.15(a). The agency decision was not arbitrary, capricious or unreasonable. We conclude that appellant's further arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

8

A-1194-18T2